JUDGE PAULEY

**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA: 9184)
225 Broadway, Suite 307
New York, New York 10007
Telephone: (212) 323-6980
Facsimile: (212) 208-2613
jaronauer@aronauerlaw.com

14 CV 8858



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ANTONIO BAUTISTA
GARCIA,

                Plaintiff,

- against -

BAD HORSE PIZZA, INC.,
and JOHN KANDEL and
OMAR GUZMAN,
individually,

                Defendants.

---

**COMPLAINT**

**ECF CASE**

    Plaintiff Antonio Bautista Garcia, by and through his attorneys, The Law Offices of Jacob Aronauer, complaining of the Defendants, Bad Horse Pizza, Inc., and its owners, John Kandel and Omar Guzman, individually, alleges the following:

### NATURE OF THE ACTION

1. This is a civil action by Antonio Bautista Garcia ("Garcia" or "Plaintiff") against Bad Horse Pizza, Inc. (the "Restaurant") and their owners, John Kandel ("Kandel") and Omar Guzman ("Guzman"), individually (collectively referred to herein as the "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and the New York State Labor Law, Labor Law 12 N.Y. Comp. Codes R. & Regs. Pt. 142-2.4 and Section

162 ("NYLL"), for the failure to pay Plaintiff overtime and failure to provide written notice of wage rates in violation of said laws.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

3. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff is and was at all times relevant hereto an individual residing in Kings County and the state of New York.

6. Defendant Bad Horse Pizza, Inc., is and was at all times relevant hereto a New York corporation engaged in the restaurant industry, having its main office and place of business in New York, New York.

7. The Restaurant was founded in 2011 by Defendants Kandel and Guzman and is located at 2222 Frederick Douglass Blvd in West Harlem, New York.

8. Upon information and belief, at all times relevant hereto, the Restaurant derived annual revenues from the conduct of its business in an amount exceeding $500,000 per year.

9. Defendant Kandel is and was at all times relevant hereto a principal owner of the Restaurant and exercised control of the day-to-day operations of the Restaurant. As such, Kandel is an employer within the meaning of the FLSA and the NYLL.

10. John Kandel is also the chief executive officer of the Restaurant.

11. Defendant Guzman is and was at all times relevant hereto a principal owner of the Restaurant and exercised control of the day-to-day operations of the Restaurant. As such, Guzman is an employer within the meaning of the FLSA and the NYLL.

## FACTS

### Plaintiff's Employment with Bad Horse Pizza, Inc.

12. Plaintiff worked for Defendants, without interruption, from June 2011 through October 2014.

13. Plaintiff was initially hired by Defendants as a deliveryman.

14. In 2012, Plaintiff received a promotion and began working in more of a multi-purpose role in the Restaurant's kitchen.

15. At no point in the course of Plaintiff's employment was he ever informed or asked about working more than 40 hours a week.

16. Throughout Plaintiff's employment by Defendants, Plaintiff was not paid overtime in accordance with the FLSA and NYLL, even though he consistently worked approximately 65 hours each week. Instead, for the vast majority of his employment with Defendants, Defendants would pay him a set amount per week (e.g., $350 for a week's worth of work), regardless of the actual number of hours he worked.

17. Throughout Plaintiff's employment with Defendants, Plaintiff would be assigned his work schedule by a supervisor. Plaintiff, though, never "punched in" a time clock (or use any other method) to officially document the hours he worked.

**Bad Horse Pizza Inc.'s Violations**
**of the Wage Theft Protection Act**

18. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

19. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing: the overtime rate or rates of pay; the number of regular hours worked and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

20. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**Plaintiff's Employment at**
**Bad Horse Pizza, Inc. from 2011-2012**

21. As previously stated, Plaintiff was initially hired as a deliveryman by Defendants. From on or about June 2011 through approximately June 2012, Plaintiff worked as a deliveryman at the Restaurant.

22. As a deliveryman, Plaintiff did not have a set schedule and worked approximately 65 hours a week.

23. Even though Plaintiff worked more than 40 hours a week, Plaintiff never received overtime pay. Instead, Plaintiff was paid $350 a week regardless of how many hours he actually worked.

24. Defendants paid Plaintiff in cash and never informed Plaintiff (in writing or otherwise) what his hourly rate of pay was or how many hours of overtime he performed each week.

25. Defendants used this payment method—the intentional failure to list the overtime rate as well as the actual overtime hours performed by Plaintiff—to circumvent compliance with the FLSA and NYLL.

**Plaintiff's Employment at Bad Horse Pizza, Inc. from June 2012 through May 2014**

26. In or about June 2012, Plaintiff was promoted from deliveryman to work in the Restaurant's kitchen.

27. In the kitchen, Plaintiff performed a hybrid type role: he would clean and prepare the kitchen for the upcoming workday, order inventory, make pizzas and other entrees and provide guidance to other employees at the Restaurant.

28. From June 2012 through October 2014, Plaintiff worked a set schedule. Plaintiff worked Sunday and Monday from 12 p.m. to 10 p.m. and Wednesday through Sunday from 12 p.m. through 11 p.m.

29. Even though Plaintiff worked approximately 64 hours a week, Plaintiff did not receive overtime pay.

30. Instead, Plaintiff was paid $750 per week in cash by Defendants regardless of how many hours he worked during said period.

31. Defendants never informed Plaintiff (in writing or otherwise) what his hourly rate of pay was or how many hours of overtime he performed each week.

32. Defendants used this payment method—the intentional failure to list the overtime rate as well as the actual overtime hours performed by Plaintiff—to circumvent compliance with the FLSA and NYLL.

**Plaintiff Goes from a Fixed**
**Weekly Salary to Hourly Employee**

33. From January 2014 until his termination in October 2014, Plaintiff was no longer paid $750 a week in cash by Defendants.

34. Instead, Defendants made Plaintiff an hourly employee. As reflected in the Plaintiff's paystubs, Defendants began paying Plaintiff $12.69 an hour.

35. Plaintiff received a raise to $14 an hour in April 2014. Plaintiff was paid $14 an hour until his termination in October 2014.

36. Plaintiff also continued to work approximately 64 hours a week.

37. Despite working approximately 64 hours each week, none of the Plaintiff's paystubs from January 2014 through October 2014 listed the overtime work performed by Plaintiff. In other words, regardless of the amount of hours Plaintiff worked, the maximum amount of hours his paystub would reflect was only 40 hours.

38. In addition, Plaintiff did not receive time and one-half for all work performed after 40 hours. Rather, Plaintiff purportedly received only "straight time" for all additional work performed after 40 hours.

39. Each week Plaintiff would receive an envelope containing $350. This payment purportedly represented all overtime pay earned that week by Plaintiff.

40. While Plaintiff was orally informed that he was paid straight time for all overtime work performed after 40 hours, Plaintiff never received any documentation setting forth the overtime hours he worked or his overtime rate of pay.

41. Defendants used this payment method—the intentional failure to list the overtime rate as well as the actual overtime hours performed by Plaintiff—to circumvent compliance with the FLSA and NYLL.

42. Plaintiff was fired in October 2014 when he requested from Kandel to receive one week paid vacation.

## FIRST CAUSE OF ACTION
## FLSA OVERTIME VIOLATIONS, 29 U.S.C. §§ 201, *et seq.*

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Throughout the period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

45. Throughout the period covered by these claims, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff at time and one half his regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff was entitled to overtime payments.

46. At all relevant times throughout his employment, Defendants willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rates of one and one-half times their regular rate for hours worked by him in excess of forty (40) hours per workweek.

47. Plaintiff seeks damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime wages Under New York Labor Law

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

50. Defendants failed to pay Plaintiff overtime premiums of time and one half his regular rate of pay in violation of the Labor Law.

51. Defendants' failure to pay overtime was willful.

52. As a result of Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and costs of this action, including interest, pursuant to the Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's

main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

56. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

59. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants Bad Horse Pizza, Inc. and John Kandel and Omar Guzman, jointly and severally, as follows:

(a) Damages for the unpaid overtime due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(b) Damages for the unpaid overtime due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(c) Penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

(d) Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five dollars, as provided by for by NYLL, Article 6 § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

(f) For prejudgment interest on the foregoing amounts;

(g) For his costs and disbursements of this action, including attorneys' fees; and

(h) For such other further and different relief as this Court deems just and proper.

Dated: November 6, 2014
       New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

By: _____
Jacob Aronauer (JA: 9184)
THE LAW OFFICE OF JACOB ARONAUER
225 Broadway, Suite 307
New York, NY 10007
Telephone:  (212) 323-6980
Facsimile:  (212) 233-9238
jaronauer@aronauerlaw.com

*Attorneys for Plaintiff*