THE LAW OFFICE OF
# RACHEL J. MINTER

345 Seventh Avenue, 21st Floor
New York, New York 10001



Rachel J. Minter
Admitted NY CT MA

Tel: (212) 643-0966
Fax: (212) 643 0980
E-Mail: rminter@rjminterlaw.com

December 5, 2014

**Filed by ECF**

Hon. James C. Francis IV.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

        Re:    Garcia v. Bad Horse Pizza *et. al.*
                  14-CV-8858 (WHP)

Dear Judge Francis:

      I represent the defendants in the above-referenced action. I write in response to a letter I learned had been filed at 2:11 p.m. from Jacob Aronauer, counsel for Plaintiff, regarding his request for leave to file an amended complaint.

      I was surprised, to say the least, since Mr. Aronauer and I spoke earlier today in an attempt to clarify which of multiple complaints and amended complaints he has filed and/or served in this matter. We agreed, for the reasons explained below, that he would send me a red-lined version of the newest document, and if that conformed with his representations regarding the changes (see below), I would consent to its filing. I received that document by e-mail at 1:08 p.m. today. However, before I even had to chance to review it or speak to my client, Mr. Aronauer sent me an email at 2:09 p.m. (attached) that because of my "lack of response" and "aggressive attitude" he would no longer seek my "approval" for the second amendment and would bring the matter before the court. I *absolutely loathe* engaging in these kinds of "he said, she said" squabbles among counsel before a judge, but now I have no choice but to respond. I will try to keep this explanation brief.

      The date by which Defendants had to answer or otherwise move with respect to the original Complaint commencing this action would have been November 26, 2014. I telephoned Mr. Aronauer on November 25 to ascertain whether he would consent to an extension of time if requested from the Court, because I had only recently been retained and needed to conduct more fact investigation in order to file a responsive pleading. Mr. Aronauer proposed instead that he file an Amended Complaint, which would extend our time to respond; I also asked at that time if Mr. Aronauer could give me a demand, so that we could engage in a good-faith exploration of the possibility of settlement before the litigation proceeded much further. Attached is Mr. Aronauer's November 25 e-mail to me transmitting an "Amended Complaint" which had been filed as Document # 6 on the Docket Sheet, as well as the document.

      I began drafting an Answer to Document # 6, but then received notice of the filing of Document # 8, also an "Amended Complaint," which appeared to be identical to Document # 6. I did not receive any response to my request for a settlement demand and therefore continued drafting. On Wednesday, December


3, I received an e-mail from Mr. Aronauer transmitting a document he wished to file (both attached hereto). That document was also titled "Amended Complaint" but was significantly different than what had been filed as amended complaints as #6 and #8 on the Docket Sheet. I was confused at this point - was this a Second Amended Complaint?

At the risk of deluging the Court with more paper, I've attached the further exchange of emails that crossed each other on Wednesday. Mr. Aronauer wrote that the only change he was making in the new amended complaint had to do with the allegations relating to plaintiff's schedule and hours after his job duties changed. He reiterated that representation this morning when we spoke. However, in the Amended Complaint Mr. Aronauer sent on Wednesday (what I will refer to as the 12/3 complaint) there were changes – both in content and order – in paragraphs in the "Parties" section and those setting forth introductory facts about the early days of plaintiff's employment; those sections actually appeared to be the same or similar to those in the original complaint that initiated the action. (For example, the original complaint and the 12/3 amended complaint referred to individual defendant Omar Guzman as a "principal" owner of the restaurant, while the amended complaints that are docket numbers 6 and 8 allege that he is a "minority" owner). I did note to Mr. Aronauer that because of the differences I would have to go back and re-write whole parts of the Answer, because my draft no longer corresponded to the allegations in the new complaint.

I was trying to come up with the most polite and least adversarial way of essentially saying that I needed to check whether or not Mr. Aronauer was misrepresenting to me the basis for the amendment. I did even suggest that perhaps it was an error in cutting-and-pasting, and told him that as long as we clarified that the reason for the amendment in the new document was as he explained, then I had no problem consenting to a further amendment. We ended the conversation this morning in what I thought was a perfectly amicable manner. Mr. Aronauer agreed he would send me this afternoon a redlined version of the document as he intended to file it; he said that he would come up with a number for a settlement demand next week; and I promised to get a response about the proposed mid-February deposition dates from my client as soon as I could reach him.

I don't want to belabor this issue any further. I do have just a point of clarification, however: Am I correct that the proposed document now before you would be Plaintiff's Second Amended Complaint, given that an Amended Complaint has already been filed (documents #6 and #8) and, if so, by what date do Defendants now have to answer or otherwise move with respect to the Second Amended Complaint?

Respectfully submitted,

Rachel J. Minter

Rachel J. Minter