# JACOB ARONAUER, ESQ.
Law Offices of Jacob Aronauer
225 Broadway, Suite 307
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

February 24, 2015

**By ECF and regular mail**
Hon. William H. Pauley
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920


Re:   Antonio Garcia v. Bad Horse Pizza, Inc. et al.
      14-cv-08858 (WHP)

Your Honor:

I am co-counsel for the Plaintiff, Antonio Garcia, in the above-entitled action. Under Rule 26(b) of the Federal Rules of Civil Procedure, we request that this Court issue a protective order barring Defendants from inquiring into the Plaintiff's immigration status or social security number. Prior to making this application to the Court, I offered Defense Counsel Rachel Minter the opportunity to "meet and confer" as to this discover dispute. Ms. Minter declined. I request that Plaintiff's motion for a protective order be entertained by this Court at the initial case conference scheduled for March 6, 2015.

In the parties proposed joint discovery plan, Defendants stated that it was their intent to conduct discovery as to Mr. Garcia's immigration status (dkt: 027). As the only issue in this case is whether Defendants have complied with the Fair Labor Standards Act ("FLSA"), discovery into Mr. Garcia's immigration status should not be permitted. *See Colon v. Major Perry St. Corp.*, 987 F. Supp.2d 451, 464 (S.D.N.Y. 2013) (Judge Oetken holding that, because the FLSA permits undocumented workers to recovery backpay, discovery as to the plaintiff's immigration status was "irrelevant and impermissible"); *see also Jimiz v. KLB Foods, Inc.,* No. 12-Civ. 6796, 2014 WL 3738533, at * 3 (S.D.N.Y. 2014) ("immigration status is irrelevant to an employee's rights under FLSA.").

Even if Ms. Minter were to provide a plausible argument as to how Mr. Garcia's immigration status has bearing as to whether a violation of the FLSA has occurred, "courts have generally held that 'the potential for prejudice far outweighs whatever minimal probative value such information would have.'" *See Rodriguez v.*

*The Pie of Port Jefferson Corp.*, 14-cv-0519, 2014 WL 4814446 (E.D.N.Y. Sept. 24, 2014) *citing Flores v. Amigon*, 233 F. Supp.2d 462, 464-465 (E.D.N.Y. 2002). Indeed, Courts have recognized that requiring an undocumented plaintiff to provide documents relating to his immigrant status will most likely result in the plaintiff withdrawing his or her lawsuit. *See Topo v. Dhir*, 210 F.R.D. 76, 79 (S.D.N.Y. 2002).

The central issue in this case is whether Mr. Garcia was paid time and one half for all overtime work performed on behalf of the restaurant Bad Horse Pizza. Any inquiry into Mr. Garcia's immigration status will not shed light as to whether Defendants have complied with the FLSA and NYLL. It is respectfully submitted that the Court issue a protective order prohibiting Defendants from making any inquiry into Plaintiff's immigration status.

    Respectfully,

    */s Jacob Aronauer*
    Jacob Aronauer

cc: **(by e-mail)**
    Rachel Minter
    *Attorney for Defendants*