THE LAW OFFICE OF
# RACHEL J. MINTER

345 Seventh Avenue, 21st Floor
New York, New York 10001

Rachel J. Minter
Admitted NY CT MA



February 27, 2015

Tel: (212) 643-0966
Fax: (212) 643 0980
E-Mail: rminter@rjminterlaw.com

**By ECF**

Hon. William H. Pauley III
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

                         Re:    Garcia v. Bad Horse Pizza *et. al.*
                                   14-CV-8858 (WHP)

Dear Judge Pauley:

      As you probably know by now, I represent the Defendants in this matter; I am replying to the latest letter today from Plaintiff's counsel, Jacob Aronauer. I am reluctant to even respond to his letter – perhaps Your Honor has become as exasperated by these exchanges as I have – but sometimes one has no option but to respond "for the record" lest statements made by opposing counsel be taken as accurate when they are not. In this instance, Mr. Aronauer has made two representations to the Court that are inaccurate. One appears marginally true only by relying on a technicality and disingenuous presentation. The other is simply false.

      The first representation is Mr. Aronauer's statement in the letter that "the initial case conference was adjourned *for the second time* by Defense counsel [emphasis supplied]." I will leave aside for the moment the second adjournment, indisputably at my request in an emergency after I had been injured in an accident the night before. The implication that this is my second request, however, depends on how you look at the circumstances surrounding the first time the conference was re-scheduled.

      On January 9, 2015 Mr. Aronauer wrote to the Court (Document 20) advising that he had a scheduling conflict and would be unable to attend the initial pre-trial conference in this matter, which was scheduled for January 30, 2015 at 11 a.m. While he suggested that the conference be moved back to earlier or pushed forward to later that day, Mr. Aronauer would not have known whether the request for a different time might, or might not, have made it possible for the conference to be held on January 30. If the Court's calendar for that morning was already fully-scheduled with other cases, the most likely result would have been that the Court would simply have set this case down for another date.

      However, Mr. Aronauer's request became moot when, three days later, I advised the Court by letter (Document 21) of my commitment to presenting a CLE program for the State Bar Association on the morning of January 30; and that, given my conclusion that the logistics of getting from Foley Square to the meeting location would not be feasible, I would need to request that the conference be adjourned to a new date. (It was ultimately re-scheduled for February 6, 2015 at 11 a.m.).

      Some might look at the circumstances as a situation in which both counsel had conflicts that necessitated changing the schedule for the conference. Based on his January 9 letter, Mr. Aronauer would

THE LAW OFFICE OF
Rachel J. Minter



Hon. William H. Pauley III
February 27, 2015
Page 2

not have been able to appear on January 30, 2015 at 11:00 a.m. The representation to the Court in today's letter that the morning after the accident was my "second" request for an adjournment is thus somewhat disingenuous. But, after all, Mr. Aronauer only asked that the first conference have a different *time*, not a different *date*. It was at least possible that the Court could have accommodated his request and found another place in the January 30 schedule for this conference. By that reasoning, Mr. Aronauer doesn't count his inability to appear as scheduled on January 30 as a request for an adjournment, and therefore my emergency counts as a second request.

Obviously, emergencies get no free passes from Mr. Aronauer, either. Yes, as the Court was advised on that morning, I did have to request an emergency adjournment of the pre-trial conference on Feburary 6, 2015 because I suffered a serious accident the night before when I fell on the ice. I was advised by one of your law clerks that Mr. Aronauer had initially refused to adjourn the conference by consent; she requested that I call him myself, in the hope that she would not have to bring the situation to your attention. After I explained to Mr. Aronauer why I could not use a computer to write to the Court on my own behalf (due to the angle at which I fell, my face hit the concrete and my left eye was swollen shut at that moment), he reluctantly agreed to advise the court by letter that the conference would be adjourned. However, my subsequent communications with Plaintiff's counsel gave me the distinct impression that he did not quite believe (or perhaps comprehend) the seriousness of the injuries (I was out of the office for an entire week, my nose was initially thought to be broken, and the bruises covering three-quarters of my face took several more weeks to disappear). It therefore does not surprise me that the emergency adjournment of the February 6 conference is now being used against me.

Finally, there is Mr. Aronauer's statement in today's letter that "[m]y attempts to submit a joint revised civil case management plan with Defense Counsel were unfortunately unsuccessful." That is false, and before using that word I carefully reviewed Mr. Aronauer's e-mail output just to make sure that my recollection was correct. During the week following the accident, while I was working at home to finish the Answer to the Second Amended Complaint, Mr. Aronauer e-mailed me that he wanted to push back the discovery schedule a month because of the adjournment; I did not read that as an attempt to re-negotiate and submit a revised case management plan. (I replied that I was still at home and had get the Answer filed by the end of that week before I could focus on anything else). The only other arguable communication about discovery schedules was the e-mail I attached to my February 26, 2015 letter to the Court, in which Mr. Aronauer wants to "meet and confer" about the discovery on his client's immigration status which we had no intention of conducting. Counsel for the parties had already negotiated and filed a joint case management plan (Document 27) earlier this month. If Mr. Aronauer wanted to engage in that process all over again, it certainly behooved him to indicate clearly enough that he wanted to re-do the plan before misrepresenting to the Court that he was unsuccessful in his attempts to have me do so.

Respectfully submitted,

Rachel J. Minter