# JACOB ARONAUER, ESQ.
Law Offices of Jacob Aronauer
225 Broadway, Suite 307
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

August 4, 2015

**By ECF and Regular Mail**
Hon. William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re: Garcia v. Bad Horse Pizza et al.
14-cv-8858 (WHP)

Dear Judge Pauley:

I am co-counsel for the Plaintiff, Antonio Garcia, in the above-titled action. Under Rule III(a), we request a pre-motion conference due to Defendants' partial non-compliance with Plaintiff's document request and requests for admissions. Prior to making this pre-motion letter, on July 29, 2015 I offered Defendants the opportunity to meet and confer as to these outstanding discovery issues to Defendants' objections and obtain a possible resolution. Defendants did not respond. Copies of Plaintiff's document requests and requests for admissions are annexed herein as Exhibit A and Exhibit B, respectively. Defendants' responses to Plaintiff's document request and request for admissions are annexed herein as Exhibit C and D, respectively.

Plaintiff's discovery requests are relevant to the subject matter in this action, namely, whether Plaintiff was paid overtime in compliance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and if Defendants' violation of the FLSA and NYLL was willful. As such, Plaintiff's discovery requests fall within the scope of allowable discovery. Defendants' refusal to respond to these discovery requests is nothing less than an attempt to prevent Plaintiff from receiving relevant information that goes to the heart of this case.

First, Defendants refuse to provide documents such as payroll records that would reveal if they failed to comply with the FLSA and NYLL and if such a violation was willful. *See* Exhibit C, ¶10 of Defendants' response to Plaintiff's Document Requests. While Defendants produced some documents pertaining to this request, Defendants left out vital documents that demonstrate intentional wage and hour

violations on the part of the Defendants. Specifically, beginning in January 2014 until his termination in October 2014, each week Plaintiff received a paystub from Defendants. This paystub listed the hours purportedly worked by Plaintiff. Even though the Plaintiff's central contention is that he was not paid in compliance with the FLSA and NYLL, Defendants have refused to produce these documents.

Plaintiff, though, did keep some of these paystubs. In Plaintiff's first request for admissions, Defendants was asked to admit the authenticity of these documents. *See* Exhibit B, ¶¶ 43-61 of Plaintiff's Request for Admissions. Defendants refused to admit or deny on the basis that these requests for admissions were premature and unduly burdensome. *See* Exhibit D, pg. 15 of Defendants' Response to Plaintiff's Request for Admissions.

In addition, Defendants refuse to respond to Plaintiff's request for admission pertaining to correspondence from Jonathan Kandel. *See* Exhibit D, pg. 14 of Defendants' response to Plaintiff's Request for Admissions. Defendant's response to this request for admission goes to the issue as to whether the overtime violation was in fact willful.

Second, in response to Plaintiff's document requests, Defendants refuse to make a good faith effort to obtain any e-mails or other electronic communications relevant to Plaintiff's discovery request. *See* Exhibit C; ¶¶ 2,4,20,20-22, 31,33,35,38 of Defendants' response to Plaintiff's Document Requests. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), a party must provide discovery of electronically stored information unless that party shows that the source of such information is "not reasonably accessible because of undue burden or cost." This electronic discovery sought by Plaintiff cannot be obtained from any other source nor is the search for these e-mails (or any other form of electronic communication for that matter) unduly burdensome on Defendant. To the extent that Defendants maintain that Plaintiff's request for all relevant electronic discovery is overly broad, Plaintiff previously suggested to Defendants that they search for all e-mails and electronic communications limited to the following areas:

1) the Plaintiff's rate of pay throughout his employment at Bad Horse Pizza;
2) the Plaintiff's hours and/or work schedule at Bad Horse Pizza;
3) Anything pertaining to Plaintiff's overtime rate of pay;
4) All of Kandell's response(s) to this lawsuit that is not protected by attorney/client privilege;
5) All of Defendant Guzman's response(s) to this lawsuit that is not protected by attorney/client privilege;
6) Any and all correspondence pertaining to Plaintiff by Kandel, Guzman or any other agent acting on behalf of Bad Horse Pizza.

To aid Defendants in this search so as to make it less burdensome, Plaintiff previously suggested that Defendants use the search terms set forth in Exhibit E.

Third, in eight separate responses to Plaintiff's document requests, Defendants state that they have no documents (or are unable to produce further documents) responsive to the Plaintiff's request "as worded." *See* Exhibit C, ¶¶ 4,11,15,17,20,29,35,38 of Defendants' Response to Plaintiff's Document Requests. The federal rules instruct parties to liberally construe such requests to ensure that relevant information is disclosed. This transparent game playing is unprofessional and unacceptable.

Once this paper discovery is resolved and produced, Plaintiff will schedule the depositions so that discovery can head toward completion.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

cc: **By ECF**
Rachel Minter, Esq.
*Attorney for Defendants*