# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO BAUTISTA GARCIA,<br><br>                              Plaintiffs,<br><br>        - against -<br><br>BAD HORSE PIZZA, INC. and JOHN KANDEL AND OMAR GUZZMAN,<br><br>                              Defendants. | Case No. 14-cv-08858 (WHP)(JCF)<br><br>**PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules") Plaintiff Antonio Bautista Garcia ("Plaintiff") by their undersigned counsel, hereby request that Defendants produce the documents described below for inspection and copying at the Law Offices of Jacob Aronauer, 225 Broadway, Suite 307, New York, NY 10007.

## INSTRUCTIONS

1. In answering these requests for documents and electronically stored information, Defendants shall furnish all such documents and electronically stored information available to them, including those in the possession of their investigators and all persons acting on their behalf and not merely those in their immediate possession. If Defendants are unaware of the existence of any documents and electronically stored information responsive to a request, they should expressly so indicate, answer to the extent possible and identify any person or persons who may have additional knowledge or information to complete the response.

1

2. If Defendants are aware of the existence of any responsive documents or electronically stored information but are unable to produce such documents for any reason, then they shall identify such documents or electronically stored information as the term "identify" is used in Local Rule 26.3(c).

3. Questions regarding the interpretation of these requests for documents and electronically stored information should be resolved in favor of the broadest possible construction.

4. The requests for documents and electronically stored information which follow are to be considered as continuing, and Defendant are requested to provide, by way of supplementary answers thereto, such additional documents or electronically stored information as they or any persons acting on their behalf may hereafter obtain which will augment, clarify or otherwise modify the current responses. Such supplementary responses are to be filed and served upon counsel for Plaintiffs promptly upon receipt of such additional information or documents in accordance with Rule 34 of the Federal Rules of Civil Procedure.

5. If Defendants object to any request for documents or electronically stored information in whole or in part, state the precise reason for each objection so that Plaintiffs may evaluate the objection and, if necessary, the Court can rule on the objection.

6. If a claim of privilege is asserted in objecting to any request or sub-part thereof, and an answer is not provided on the basis of such assertion, provide the information required by Local Civil Rule 26.2.

7. Unless otherwise indicated, the time period for these requests includes January 1, 2008 to the present.

## DEFINITIONS

1. The terms "communication," "document," "identify," "plaintiff," "defendant," "person," "concerning," shall be defined as those terms are defined in Local Civil Rule 26.3(c).

2. The term "electronically stored information" shall be defined as that term is defined in Rule 34 of the Federal Rules of Civil Procedure.

3. The terms "all/each" and "and/or" shall be construed as set forth in Local Civil Rule 26.3(d).

4. The use of the singular form of any word includes the use of the plural and vice versa.

5. These definitions shall not be construed to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

6. Electronically stored information should be produced in electronic form which is both scanable and readable.

7. The term "Plaintiff" or "Garcia" shall mean Plaintiff Antonio Bautista Garcia.

8. The term "Horse Pizza" shall mean Bad Horse Pizza, Inc.

9. The term "Kandel" shall mean Defendant John Kandel.

10. The term "Guzman" shall mean Defendant Omar Guzman.

11. The term "Defendants" refer to any and all Defendants in this Action, individually and collectively, any predecessor or successor in interest, any officers, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

12. The term "Relevant Time Period" means the entire period covered by this Action, i.e., June 2011 through the present. All document requests below include, unless otherwise specified, any and all documents relevant to the requests at any and/or all times within the Relevant Time Period.

13. The term "Action" refers to the matter Antonio Bautista Garcia v. Bad Horse Pizza, Inc. and John Kandel and Omar Guzman, individually. 14-cv-08858 (WHP).

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all document requests, and these instructions.

1. These requests seek documents from and relating to each and every Defendant.

2. All requests pertain to the entirety of the Liability Period unless otherwise specified.

3. With respect to each document produced, Plaintiff requests that Defendants specify the request(s) to which the document is responsive.

4. Plaintiff requests that Defendants and their counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise) and put Defendants on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that they can reasonably comply with this instruction, Plaintiff requests that Defendants contact Plaintiffs, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

4

5. With respect to each request, Defendants are requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6. If Defendants cannot respond to any part of the following requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond to the remainder of the requests.

7. If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8. If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a. Describe in detail the nature of the document and its contents;

    b. Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;

    c. List all dates when the document was copied, created or modified;

    d. List all dates when the document was eliminated from your possession in any way;

    e. State any reason(s) the document was eliminated from your possession in any way; and

    f. List all persons that have had possession of the document or have had knowledge of its contents.

9. In accordance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, if any document responsive to Plaintiffs' discovery requests is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

    a. The basis for withholding such document;

    b. A generic description of the document being withheld;

    c. The date the information contained in the document was learned or the document created;

    d. The identity of the individual(s) who learned the information or authored the document;

    e. The date the document was transmitted or otherwise made available to anyone; and

    f. The specific request(s) to which the withheld document relates.

10. If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.

11. Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendants' possession, custody, or control, or the possession, custody, or control of Defendants' agents or anybody acting on Defendants' behalf.

### REQUESTS FOR PRODUCTION

1. The articles of incorporation and organization of Bad Horse Pizza, Inc.

2. All documents, including job descriptions, Plaintiff's job duties and responsibilities at Bad Horse Pizza.

3. All documents relating to Plaintiff's work assignments and/or work schedules at Bad

Horse Pizza.

4. All documents which demonstrate which employees were responsible for and/or created Plaintiff's work schedule.

5. All documents reflecting the hours worked by Plaintiff from June 2012 through the present, including time clock records, schedules and payroll records, whether electronic or maintained by hand.

6. Plaintiff's complete personnel file, including but not limited to applications for employment, hire forms, payroll reports, payroll information, paystubs, clock-in reports and/or chits, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials.

7. All of Plaintiff's 1099 and/or W-2 forms.

8. All documents showing the compensation that Defendants paid to Plaintiff including but not limited to payroll records, tips, payroll registers, paystubs, paychecks, receipts, delivery receipts, and ledgers.

9. All documents concerning information relied upon by Defendants when issuing Plaintiff's paychecks.

10. For Plaintiff, all documents concerning Defendants' methods of pay and/or his rate(s) of pay.

11. For Plaintiff, all documents concerning Defendants' methods of allocation of tips for deliverymen.

12. All documents relating to the job duties of deliverymen.

13. All documents, including but not limited to weekly schedules, concerning when and/or for how much time Plaintiff was scheduled to work.

14. All records of Plaintiff's hours worked, including but not limited to close-out reports, tip sheets, tip sharing, time records, time reports, clock-in reports, clock-in chits, sign-in/sign-out sheets, spreadsheets, and/or any other document which reflects the amount of time worked by each Plaintiffs. If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of the documents.

15. All documents concerning the operation of Defendants' electronic timekeeping system throughout the Liability Period, including, but not limited to, instruction manuals and settings.

16. All documents reflecting any training given to Defendants' employees regarding how to record hours worked by employees.

17. All documents reflecting any training given to Defendants' managers regarding how to pay employees for hours worked.

18. All documents concerning any deductions from Plaintiff's wages.

19. All documents not otherwise produced that refer by name to Plaintiff.

20. All documents, including but not limited to employee manuals, memoranda, e-mails, correspondence, complaints, and/or communications, concerning Defendants' compensation policies and practices during the Liability Period.

21. All documents, including but not limited to employee manuals, memoranda, e-mails, correspondence, complaints, and/or communications, concerning Defendants' tracking of employees' hours during the Liability Period.

22. All non-privileged documents containing communications regarding this Action.

23. All notices provided to Plaintiffs pursuant to New York Labor Law Section 195.

24. All documents concerning wage and hour investigations and or audits of any Defendants or subsidiary of any Defendants by the federal and/or New York Departments of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiff or any other employee of Defendants, and checks offered to and/or accepted by the federal and/or New York Departments of Labor on behalf of Plaintiffs or any other employee of Defendants.

25. All documents concerning rulings, decisions, or opinions rendered by any federal or state court or administrative or governmental agency regarding whether Defendants' wage and hour policies conform to the requirements of the Fair Labor Standards Act and/or the state laws.

26. Any e-mails or SMS text messages by Kandel pertaining to this lawsuit.

27. Any e-mails or SMS text messages by Guzman pertaining to this lawsuit

28. All documents concerning all compensation which Defendants claim has been paid to Plaintiff for periods that are not compensable under the FLSA and/or New York Labor Law.

29. All write-ups, disciplinary forms, new hire forms, and/or other personnel documents signed by John Kandel or Omar Guzman.

30. All written communications, including e-mails, to or from Kandel concerning (1) personnel matters at the Bad Horse Pizza, including but not limited to hiring, firing, scheduling, training, promotions, demotions, and salaries and/or (2) budgeting and/or purchasing at the Bad Horse Pizza.

31. All written communications, including e-mails, to or from managers at Defendants, including but not limited to Kandel or Guzman concerning (1) personnel matters at the Bad Horse Pizza, including but not limited to hiring, firing, scheduling, training, promotions, demotions, and salaries and/or (2) budgeting and/or purchasing at Bad

Horse Pizza during the Liability Period.

32. All documents concerning Kandel's ownership interest, if any, at Bad Horse Pizza. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

33. All documents, including but not limited to written communications, concerning Kandel's responsibilities, duties, and/or activities with respect to the Restaurant, including but not limited to responsibilities, duties, and/or activities related to hiring, firing, disciplining, and scheduling employees, employee compensation, employee complaints, and/or business operations.

34. All documents reflecting or concerning any communications, whether written or oral, between Defendants and Plaintiff during the Liability Period.

35. All documents concerning Defendants' policies, practices, and/or procedures which have not been previously produced regarding the retention and/or destruction of documents and/or electronic data.

36. All documents sufficient to identify the corporate entity which operates and controls Bad Horse Pizza.

37. All documents identified in Defendants' Initial Disclosures.

38. All documents concerning the job duties of John Kandel.

39. All documents concerning the job duties of Omar Guzzman.

Dated: March 29, 2015
New York, New York

THE LAW OFFICES OF JACOB ARONAUER

By: /s Jacob Aronauer
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980